# PD-0874-15

PD-0874-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/22/2015 11:12:58 AM
Accepted 7/22/2015 4:46:44 PM
ABEL ACOSTA
CLERK

NO. PD_____-15

_____

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

_____

ANTONIO L. BROWN,

Appellant

VS.

THE STATE OF TEXAS,

Appellee

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

From Appeal No. 02-14-00344-CR
out of the
Court of Appeals for the
Second Judicial District at
Fort Worth, Texas

_____

J. Edward Niehaus
Bodkin Niehaus & Dickson PLLC
State Bar No. 24074812
207 W. Hickory St. Suite 309
Denton, Texas 76201
Telephone: (940)600-1295
Jason@BNDLEGAL.com

ATTORNEY FOR APPELLANT

Oral Argument Is Requested

FILED IN
COURT OF CRIMINAL APPEALS

July 22, 2015

ABEL ACOSTA, CLERK

i

## Identity of Parties and Counsel

**1. Trial Judge:** The Honorable Mark T. Price presided over the trial of this case, Presiding Judge of the 89th Judicial District Court of Wichita County, 900 7th Street Rm 300 Wichita Falls, Texas 76301.

**2. Appellant:** Antonio Leonard Brown, TDC #01949570, J.Middleton Unit, 13055 FM 3522, Abilene, TX 79601.

**3. Counsel for Appellant:**

**a.** The Appellant was represented at the Trial Court by Rick Mahler, Attorney at Law, 900 Eight Street, Suite 425 Wichita Falls, Texas 76301.

**b.** The Appellant is represented on appeal by J. Edward Niehaus, 225 W. Hickory St. Suite F, Denton, Texas 76201.

**4. Counsel for the State of Texas:**

**a.** The State of Texas was represented by Bret Benedict and Anthony Bates, Wichita County Assistant District Attorneys at the trial court level.

**b.** The State is represented on appeal by and through Maureen Shelton, Criminal District Attorney of Wichita County, 900 7th Street Rm. 351, Wichita Falls, Texas 76310.

# TABLE OF CONTENTS

Index of Authorities......................................................................................................... iii

Statement Regarding Oral Argument............................................................................ 2

Statement of Case............................................................................................................ 2

Statement of Procedural History................................................................................... 3

Ground for Review One.................................................................................................. 4

**The Court of Appeals erred in concluding Appellant was not entitled to a jury instruction on the finality of an out-of-state conviction where the record demonstrates a question of disputed fact regarding Appellant's link to that conviction**........................................................................................ 4

    Facts............................................................................................................................ 4

    Argument and Authorities....................................................................................... 6

Prayer................................................................................................................................. 8

Certificate of Service....................................................................................................... 9

Certificate of Conference................................................................................................ 9

Appendix (Opinion by Second Court of Appeals..................................................10 - 28

# INDEX OF AUTHORITIES

Cases

*Allen v. State*, 236 S.W.3d 818, 823 (Tex. App.—Waco 2007)................................................7

*Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007)........................................................7

*Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)...............................................7

*Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012)................................................7

*Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008)................................................7

*Juarez v. State*, 308 S.W.3d 398, 404-05 (Tex. Crim. App. 2010).......................................6, 7

*Reynolds v. State*, 227 S.W.3d 355, 364 (Tex. App.—Texarkana 2007)............................6, 8


Rules

Tex.R.App.P. 9(i)...........................................................................................................................9

Tex.R.App.P. 66.3(a)..............................................................................................................2, 6


Statutes

Tex. Code Crim. Pro. Ann. art. 36.13.........................................................................................7

Tex. Code Crim. Pro. Ann. art. 36.14.........................................................................................6

Tex. Code Crim. Pro. Ann. art. 38.04.........................................................................................7

NO.  PD-_____-15
_____

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

_____

ANTONIO BROWN,
                                        Appellant

vs.

THE STATE OF TEXAS,
                                        Appellee

_____

### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
_____


**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Appellant, **Antonio Brown**, respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

1)      The Second Court of Appeals has decided the case in a way that creates conflict with the precedent of the Sixth Court of Appeals regarding a Defendant's entitlement to jury charge regarding enhancement paragraphs. See Tex.R.App.P. 66.3(a).

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

## STATEMENT OF THE CASE

Appellant was charged by indictment with Assault Family Violence Causing Serious Bodily Injury in cause number 53,525-C which was pending in the 89th District Court of Wichita County, Texas, the Honorable Mark Price, Presiding. On August 11, 2014, Appellant pled *not guilty* to the offense as charged in the indictment and a Jury Trial was held on August 11, 2014 through August 13, 2014,(RR v1 – v7). Appellant was convicted, and received a sentence of seventeen (17) years imprisonment and a fine of $5,000.00, (CR 72 – 74; RR v4 p146; RR v6 p5). Appellant timely filed a Motion for New Trial and a Notice of Appeal, (CR 76 – 78; 81 – 83).

Appellant's conviction was <u>affirmed</u> by the Second Court of Appeals on June 18, 2015. (See Opinion at 18.)

Appellant raised three (3) issues in the Court of Appeals: **First**, that the evidence is legally insufficient to support a finding beyond a reasonable doubt that the state proved the enhancement paragraph where the Alabama judgment purporting to

be a final conviction fails to satisfy the compulsory conditions of Code of Criminal Procedure article 42.01 (Judgments) and no evidence of Alabama law was offered regarding judgment sufficiency, (Opinion 5 – 12). **Second**, that the Court erred by failing to instruct the jury on the validity of the Alabama conviction in the court's punishment charge to the jury, (Opinion 12 – 13). **Third**, that the Court erred in refusing a finality instruction requested by defense counsel in the court's punishment charge to the jury, (Opinion 13 – 18).

In this Petition, Appellant challenges the Court of Appeals conclusion that Appellant was not entitled to the requested jury instruction (Issue 3). Appellant denied that he was the same person convicted for the offense, creating a factual dispute regarding whether Appellant was actually the same person convicted for that offense. The State presented no identification testimony and the out-of-state judgment did not contain Appellant's fingerprints for purposes of resolving the dispute.

### STATEMENT OF PROCEDURAL HISTORY

Appellant was charged by indictment with Assault Family Violence Causing Serious Bodily Injury in cause number 53,525-C which was pending in the 89th District Court of Wichita County, Texas, the Honorable Mark Price, Presiding. On August 11, 2014, Appellant pled *not guilty* to the offense as charged in the indictment

and a Jury Trial was held on August 11, 2014 through August 13, 2014, (RR v1 – v7). Appellant was convicted, and received a sentence of seventeen (17) years imprisonment and a fine of $5,000.00, (CR 72 – 74; RR v4 p146; RR v6 p5). Appellant timely filed a Motion for New Trial and a Notice of Appeal, (CR 76 – 78; 81 – 83).

On June 18, 2015, the Second Court of Appeals at Fort Worth, Texas, affirmed the conviction. No motion for rehearing was filed, (Opinion 18). This Petition for Discretionary Review is being filed on ***07/13/15***. Appellant sent this petition by delivering the same to FedEx on ***07/14/15*** to be delivered by overnight delivery to the Court of Criminal Appeals.

## GROUNDS FOR REVIEW
### I.

**The Court of Appeals erred in concluding Appellant was not entitled to a jury instruction on the finality of an out-of-state conviction where the record demonstrates a question of disputed fact regarding Appellant's link to that conviction.**

Facts:

The enhancement paragraph, which raised Appellant's range of punishment from two to ten (2 – 10) years confinement upward to two to twenty (2 – 20) years confinement, read as follows:

> And it is further presented in and to said Court that prior to the commission of the aforesaid primary offense by the said Antonio Leonard Brown, to wit: on the 6th day of January 1994, in the Circuity

Court of Montgomery County in cause number CC-93-1943 on the docket of said court under the name Antonio Brown was duly and legally convicted in said last named court of a felony, to wit, unlawful possession of marijuana, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a conviction for an offense committed by him, the said Antonio Brown, prior to the commission of the primary offense hereinbefore charged against him. (CR 51).

Prior to beginning punishment, the Court denied Defense Counsel's Motion to Quash Enhancement, (RR v5 p14). After the Court denied the Motion to Quash, the State presented a copy of the Alabama judgment purporting to be a final prior conviction of Appellant, (RR v5 p16 – 26). No testimony was offered by the State.

In the Court of Appeals, the Appellant urged that the Court erred by allowing the State to enhance his punishment range with foreign convictions that do not comport with the requirements of Texas Code of Criminal Procedure art. 42.01, specifically that the Alabama judgment lacked a signed jury waiver as required by article 1.13. (Opinion 5 – 12).

The State offered evidence (State's Exhibit 17) of Alabama law regarding when convictions may be used for enhancement, (RR v5 p16 – 26). The State did not offer evidence regarding the necessary contents of a valid judgment.

The Court of Appeals found the Appellant's name, date of birth, and social security number to be sufficient to link Appellant to the conviction beyond a reasonable doubt, (Opinion at 12). Appellant disputed his link to the Alabama

conviction. Appellant requested a jury instruction defining "finality" regarding the link to the Alabama conviction, (Opinion 14 – 15). The instruction was refused, (Opinion 15).

Appellant asserts that he was entitled to a jury instruction on the contest fact question of Appellant's link to the Alabama conviction.

The Appellant would submit that the Court of Appeals has decided an important question of state law in conflict with another Court of Appeals. Specifically, Appellant asserts a conflict with *Reynolds v. State*, 227 S.W.3d 355, 364 (Tex. App.—Texarkana 2007) regarding when a Defendant is entitled to a specifically requested charge relating to enhancement paragraphs. *See* Rule 66.3(a), Texas Rules of Appellate Procedure.

Argument & Authorities:

The Appellant submits that the Court of Appeals erred in concluding that Appellant was not entitled to a jury charge on finality of the Alabama conviction.

A Defendant may make requests for specific inclusions in the jury charge. *See* Tex. Code Crim. Pro. Ann. art. 36.14. The request for a jury instruction must be supported by the evidence, or by dispute over a specific fact. *See generally Juarez v. State*, 308 S.W.3d 398, 404-05 (Tex. Crim. App. 2010)(a trial judge must instruct the jury on every defensive issue raised by the evidence without regard to its source or strength)*; Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008)(Disputed fact question

required for 38.23(a) jury instruction); *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012)(same); *Allen v. State*, 236 S.W.3d 818, 823 (Tex. App.—Waco 2007)(effect of State's failure to prove finality); *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007)(sufficient evidence of finality).

The finality of a prior conviction is a question of fact that may be proven in multiple different ways. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Because the prior conviction is a question of fact, if the Appellant calls into question the evidence, Appellant is entitled to a jury instruction regarding the evidence. *See generally Juarez v. State*, 308 S.W.3d 398, 404-05 (Tex. Crim. App. 2010)(a trial judge must instruct the jury on every defensive issue raised by the evidence without regard to its source or strength)*; Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008)(Disputed fact question required for 38.23(a) jury instruction). The jury is the finder of fact. *See* Tex. Code Crim. Pro. Ann. art. 38.04; Tex. Code Crim. Pro. Ann. art. 36.13. The jury is entitled to instruction on how to appropriately apply the law to the facts; indeed this is the very purpose of the jury instructions.

Ultimately, "the issue is whether [Appellant] was denied a substantial right, or if it vitally affected a defensive theory. The level of proof required for a jury to act on the enhanced punishment allegations is a substantial right." *Reynolds v. State*, 227 S.W.3d 355, 364 (Tex. App.—Texarkana 2007). This Court should grant review to

determine if the existence of a contested issue of fact regarding Appellant's link to an enhancement paragraph entitles Appellant to a jury instruction regarding the finality of that judgment or Appellant's link to it.

## **PRAYER FOR RELIEF**

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully submitted,


 /s/J. Edward Niehaus
J. Edward Niehaus
State Bar No. 24074812
207 W. Hickory St. Suite 309
Denton, Texas 76201
(940) 600 – 12956 x 701
Jason@BNDlegal.com Email

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies the contents of this brief comply with Tex.R.

App.P. 9.4(i)(3). The number of words in this brief, as calculated by MS Word Count

and excluding portions as provided by Tex.R.App.P 9.4(i)(1) is 2,048

<u>/s/J. Edward Niehaus</u>

J. Edward Niehaus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct electronic copy of the foregoing

Appellant's Brief was mailed to Antonio Leonard Brown, TDC #01949570,

J.Middleton Unit, 13055 FM 3522, Abilene, TX 79601, and was otherwise

electronically served on all parties in interest, include the State by and through its

elected District Attorney, on **Thursday, July 16, 2015**.

<u>/s/J. Edward Niehaus</u>

**J. Edward Niehaus**

**APPENDIX: Opinion by Second Court of Appeals**



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00344-CR

ANTONIO LEONARD BROWN                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 53,525-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant Antonio Leonard Brown appeals his seventeen-year sentence arising from his conviction for assault against Helen Davis, with whom he had a dating relationship.[2]  In three issues, he contends that the evidence is insufficient

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.01(b)(2)(A) (West Supp. 2014).  Appellant argues only that there is error in his sentence, not his conviction.

to support the enhancement of his punishment range and that the trial court erred by omitting instructions about matters related to the enhancement.  We affirm.

## Background Facts

According to statements that Davis initially made to police and to medical personnel upon her arrival at a hospital, appellant, her boyfriend, cut her with a knife one night in March 2013.[3]  A grand jury indicted appellant for assault against Davis.  The indictment alleged that they had a dating relationship and that appellant had been previously convicted of assault against a member of his family.[4]  Appellant filed several pretrial motions and chose the jury to set his punishment if he was convicted.

On the day that the trial began, the State filed a notice of its intent to seek an enhanced punishment range based on appellant's 1994 felony conviction from Alabama for unlawfully possessing marijuana.  The next day, the State amended that notice.  The amended notice stated in part,

>And it is further presented in and to said Court that . . . on the 6th day of January 1994, in the [Circuit] Court of Montgomery County, Alabama in cause number CC-93-1943 on the docket of said court[,] [appellant] was duly and legally convicted in said last named court of a felony, to wit, unlawful possession of marijuana, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction for an offense committed by him . . . prior to the commission of the . . . offense hereinbefore charged against him.

_____

[3]At trial in August 2014, Davis denied that the events happened as she had originally stated; she claimed that she had cut her leg by falling off a porch.

[4]At trial, appellant stipulated to the truth of this previous conviction.

Appellant filed a motion to quash this enhancement language, alleging that the State would be "unable to prove that [the offense was] committed by [appellant]."[5]

Appellant pled not guilty. After hearing evidence and arguments concerning his guilt, the jury found him guilty. In the punishment phase, appellant pled not true to being convicted of a felony in Alabama. The State introduced evidence concerning the Alabama conviction (along with appellant's state and federal misdemeanor convictions) and rested. Appellant did not testify or call any witnesses in the punishment phase.

After each party rested and closed, appellant contended to the trial court that the Alabama documents did not prove a final conviction, and he asked for language regarding the finality of a conviction to be included in the jury charge on punishment. The trial court denied that request.

After the parties presented arguments concerning appellant's punishment, the jury found the enhancement allegation to be true and assessed the punishment at seventeen years' confinement. The trial court sentenced appellant in accordance with the jury's verdict. Appellant brought this appeal.

---

[5]At a hearing on this motion, appellant's counsel noted that the Alabama documents did not contain fingerprints. Appellant does not argue on appeal that the Alabama documents were not sufficiently linked to him.

## Sufficiency of Enhancement Proof

In his first issue, appellant contends that the evidence is insufficient to prove beyond a reasonable doubt that he had a final felony conviction that could be used to enhance his punishment range. He contends that the State did not offer evidence at trial concerning the qualifications of a final judgment under Alabama law, that the records admitted at trial do not prove a final judgment under Texas law, and that the Alabama records are therefore "insufficient standing alone for a finding of a prior conviction and penitentiary sentence beyond a reasonable doubt."

When a defendant has been previously convicted of assault against someone with whom the defendant has a dating or familial relationship, a subsequent conviction of that offense is a third-degree felony that carries a punishment range of two to ten years' confinement. *See* Tex. Penal Code Ann. § 12.34(a) (West 2011), § 22.01(b)(2)(A). But when a defendant is on trial for a third-degree felony and has been "finally" convicted of another felony (other than a state-jail felony), the defendant faces the second-degree-punishment range of two to twenty years' confinement. *See id.* § 12.33(a) (West 2011), § 12.42(a) (West Supp. 2014). Convictions obtained outside of Texas are classified as felonies for sentence-enhancement purposes if imprisonment in a penitentiary is "affixed to the offense as possible punishment." Tex. Penal Code Ann. § 12.41(1) (West 2011); *see Esters v. State*, No. 02-13-00219-CR, 2014 WL 5492726, at *3–4 (Tex. App.—Fort Worth Oct. 30, 2014, pet. ref'd) (mem. op.,

4

not designated for publication) (citing *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981)).

To establish a prior conviction for purposes of enhancement, the State must show the existence of a prior conviction and the defendant's link to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Absent a defendant's plea of "true" to an enhancement allegation, the State must prove these two elements. *See id.* at 921–22. The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt. *Id.* at 923. In reviewing the sufficiency of the evidence to support a finding that an enhancement allegation is true, we consider all the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the elements beyond a reasonable doubt. *See Forward v. State*, 406 S.W.3d 601, 606 (Tex. App.— Eastland 2013, no pet.).

Appellant argues that the documents relating to the Alabama conviction are insufficient to establish the existence of a final felony conviction because they do not comply with the "[c]ompulsory [c]onditions" of article 42.01 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014) (listing various information that a Texas judgment of conviction must reflect). He contends, "The conviction relied upon by the State cannot be shown to be a valid final judgment because the judgment is an out-of-

5

state judgment that fails to comply with Texas law and no evidence was [admitted] of the laws of the State purporting to render judgment."

We conclude, however, that appellant's first issue rests on two faulty legal propositions and should therefore be overruled. First, the issue rests on appellant's explicit proposition that the "State must show a valid final judgment" to prove the enhancement allegation. The appellant in *Flowers* made the same argument, and the court of criminal appeals rejected it. *See* 220 S.W.3d at 919–20, 924–25 (holding that even though the State did not present a judgment related to the appellant's prior DWI conviction, the evidence, comprising a driver's license record and a computer-generated printout from the county clerk, was sufficient to prove the enhancement allegation). The court explained,

> There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove [a prior conviction] in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction.
>
> . . . Any type of evidence, documentary or testimonial, might suffice.

*Id.* at 921–22 (footnotes omitted).

The Alabama documents are not specifically labeled as comprising a judgment, but they reflect, among other information, the case number, appellant's name, a date of birth, a description of the charge, the date of the indictment, the date of arrest, appellant's entry of a guilty plea, the trial court's finding of guilt, a description of the punishment as a partly suspended sentence of three years' confinement in the penitentiary, and the last four digits of a social security number. Assuming that the documents that contain this information do not qualify as a "valid . . . judgment" as appellant defines that term, appellant does not contest that they otherwise provide sufficient information to prove that he was previously convicted of a felony and link him to the conviction. *See id.* at 921, 924–25.

Second, even if the State had been required to present a judgment to prove the Alabama conviction, appellant's first issue rests on the incorrect legal proposition that the judgment could not provide sufficient proof for enhancement purposes if it failed to comply with the requirements of article 42.01. Texas authority establishes that a judgment that fails to comply with statutory requirements, including article 42.01's requirements, although correctable on direct appeal, is not void and may serve as sufficient proof of a final conviction for enhancement purposes.[6] *See Malone v. State*, No. 12-09-00128-CR, 2010 WL

---

[6]Appellant contends,

[T]he Alabama [records], . . . [fail] to comply with [several] portions of Code of Criminal Procedure[,] Article 42.01[,] section 1 . . . . As a

7

702248, at *2 (Tex. App.—Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication) (holding that a prior conviction was not void and could be used for enhancement although contrary to article 42.01, it was not signed); *Aurich v. State*, No. 02-03-00412-CR, 2005 WL 1355991, at *2 (Tex. App.—Fort Worth June 9, 2005, pet. ref'd) (mem. op., not designated for publication) ("[T]o the extent the judgments in appellant's pen packets did not comply with article 42.01, appellant's convictions were not void, but merely voidable."); *Webb v. State*, No. 05-00-02104-CR, 2002 WL 851730, at *2 (Tex. App.—Dallas May 6, 2002, no pet.) (mem. op., not designated for publication) (concluding that a prior conviction for delivery of marijuana could be used for enhancement although the judgment related to that conviction did not comply with article 42.01 because it did not contain certain language or a thumbprint); *Pereira v. State*, No. 05-97-00116-CR, 1998 WL 749179, at *1 (Tex. App.—Dallas Oct. 28, 1998, no pet.) (op. on reh'g) (not designated for publication) (disagreeing that the "State's proof must comply with all the subsections of article 42.01" to be used for enhancement); *Porter v. State*, 757 S.W.2d 889, 891 (Tex. App.—Beaumont 1988, no pet.) (holding that a Florida judgment was not void, was not subject to a collateral attack, and could be used for enhancement even though it did not state the defendant's plea to the offense, as required by article 42.01); s*ee also Nowell*

---

direct result of these failures, the sufficiency of the Alabama [records fail] as a matter of law, and use of that conviction to enhance Appellant's sentencing range is error.

*v. State*, No. 02-10-00479-CR, 2011 WL 4712009, at \*1–2 (Tex. App.—Fort Worth Oct. 6, 2011, no pet.) (mem. op., not designated for publication) (holding that a prior conviction could be used for enhancement purposes although it was obtained in violation of another provision in the code of criminal procedure); *Prado v. State*, 822 S.W.2d 819, 820–21 (Tex. App.—Eastland 1992, pet. ref'd) (holding that a DWI conviction could be used for a jurisdictional enhancement although it was obtained in violation of a state statute that required the county attorney to attend court at the time of the plea).

Appellant principally relies on three cases, including two of our own decisions, to argue that the Alabama records are insufficient to support enhancement because they fail to comply with article 42.01. All three cases are distinguishable. *See Langston v. State*, 776 S.W.2d 586, 587–88 (Tex. Crim. App. 1989) (concluding that records from Kansas were inadmissible because they did not affirmatively show that the defendant was finally convicted of any offense); *Gaddy v. State*, No. 02-09-00347-CR, 2011 WL 1901972, at \*5–12 (Tex. App.—Fort Worth May 19, 2011) (mem. op., not designated for publication) (recognizing that judgments that are merely voidable cannot be collaterally attacked but concluding that a defendant could challenge alleged convictions from New Mexico as void because the convictions showed that the defendant's constitutional right to counsel had been violated),[7] *vacated on other grounds*, No.

---

[7]Appellant does not assert a constitutional violation of his right to counsel with respect to his Alabama conviction; the records show that he had counsel.

PD-1118-11, 2012 WL 4448757, at *1 (Tex. Crim. App. Sept. 26, 2012) (not designated for publication); *Mosqueda v. State*, 936 S.W.2d 714, 715–17 (Tex. App.—Fort Worth 1996, no pet.) (holding that a prior judgment was insufficient to establish a final conviction and therefore support enhancement when the State introduced an order granting probation explicitly stating that the "verdict and finding of guilty herein shall not be final").

In sum, we hold that the predicate upon which appellant bases the argument in his first issue—that the State was required to present a judgment complying with the various requirements of article 42.01 to sufficiently prove its enhancement allegation—is erroneous. Because appellant does not otherwise challenge the sufficiency of the evidence to prove the existence of a prior felony conviction and his link to that conviction, we overrule his first issue. *See Flowers*, 220 S.W.3d at 921.

---

Furthermore, appellant does not explicitly argue that any of the alleged violations of article 42.01 in this case rendered the Alabama conviction void, rather than voidable (and therefore reversible or correctable only on direct appeal).

We note that one of the Alabama documents contains the following paragraph, below which the trial judge's signature appears:

> The defendant comes before the Court, with attorney of record. The Court on the record . . . fully explained to Defendant all Constitutional rights. The court is convinced that Defendant comes into the Court voluntarily and understands all Constitutional rights. . . . [T]he court accepts the guilty plea and finds the defendant guilty and enters a judgment of guilt.

10

**Omitted Jury Charge Instructions**

In his second issue, appellant argues that the trial court "[e]rred by [f]ailing to [i]nstruct the [j]ury on the [v]alidity of the Alabama [c]onviction" in the punishment-phase jury charge. Appellant does not propose what instruction concerning the validity of the Alabama conviction should have been given. We construe appellant's second issue as depending on the contentions he raised within his first issue, in which he argued that the Alabama conviction is not "valid" because of a lack of compliance with article 42.01.[8] Because we have overruled appellant's first issue on the ground that it was based on legally incorrect principles, we likewise overrule his second issue.

In his third issue, appellant argues that the trial court erred by refusing his request for the inclusion of language in the punishment-phase jury charge concerning the finality of his Alabama conviction. Appellant refers to the following colloquy that occurred during a charge conference in the trial court:

> [DEFENSE COUNSEL]: Your Honor, I'm reading in [a legal treatise] again. It's talking about -- it says, "Probation is not final for enhancement purposes unless it's revoked," . . . .

---

[8]In the part of appellant's reply brief where he discusses his second issue, he contends, "Article 42.01 applied to the case, yet its requirements were omitted from the jury instructions. . . . This is error."

To the extent that in his second issue, appellant discusses the trial court's denial of his request for the inclusion of language in the jury charge concerning the finality of his Alabama conviction, we address that complaint below in our resolution of appellant's third issue.

[THE STATE]: Your Honor, that's talking about Texas convictions. We have out-of-state convictions here in this case. . . .

. . . .

[DEFENSE COUNSEL]: . . . [There are] different definitions of what final is. The Texas law says [unless probation is revoked] then it is not a final conviction.

. . . I would contend to the Court that this is not a final conviction under Texas law.

[THE STATE]: Judge, if the Court would like to look over the [Alabama] judgment itself, it specifically states that the Defendant is to be incarcerated in . . . a penitentiary and that meets the definition for enhancement under any reasonable definition that the Court can consider.

[DEFENSE COUNSEL]: Your Honor, under Texas law, you can put -- send somebody to prison for a period of time and suspend that imposition and sentence under a shock probation and that's not a final sentence for enhancement purposes. And I don't know that there's much difference as a matter of language.

THE COURT: . . . The objection is overruled, is denied.

. . . .

[DEFENSE COUNSEL]: . . . I would request at this time a definition of final for enhancement purposes to be included in the Court's Charge.

[THE STATE]: Judge, I don't believe that would be an appropriate definition to include in the Court's Charge. It's -- a final conviction isn't specifically defined to my knowledge in the Code of Criminal Procedure. I think it's not appropriate for the Jury to hear that.

[DEFENSE COUNSEL]: It's defined in the caselaw, Your Honor, and I would ask that that would be included in there because they are the ones that determine . . . when a conviction is final. [If we] don't give them instructions, how do they . . . know?

12

The trial court denied appellant's final request for a jury charge to contain a definition of a "final" conviction.

In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.*

Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). In other words, a properly preserved error will require reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171.

Appellant does not direct us to any authority particularly holding that a trial court must instruct a jury about the definition of a "final" conviction for enhancement purposes. But appellant argues on appeal that

> [t]aking into account [the] presumption that the jury follows the law as instructed, had the jury been correctly instructed regarding the finality of the Alabama judgment, the jury would have applied the correct sentencing range of 2 to 10 years . . . and could not have sentenced Appellant to the seventeen . . . year sentence that he actually received.
>
> . . . .

13

In essence, the Court's refusal to charge the jury on the finality of the Alabama judgment resulted in the removal of the requirement that the Alabama conviction be proven. Without requiring proof of finality of the Alabama judgment, the Court allowed for the Jury to assess enhanced punishment in the absence of sufficient proof of applicable law.

Contrary to this argument, we conclude that even if instructions had been included to correctly define the finality of the Alabama judgment, the result of the trial would not have been different. For enhancement of a third-degree felony to a second-degree-felony punishment range, Texas law requires the State to prove that the defendant "has previously been *finally* convicted of a felony." Tex. Penal Code Ann. § 12.42(a) (emphasis added).[9] As appellant's trial counsel argued, a conviction obtained in Texas that includes a probated sentence is not "final" for purposes of enhancement unless probation is revoked. *See Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007); *Throneberry v. State*, 109 S.W.3d 52, 56 (Tex. App.—Fort Worth 2003, no pet.). But when a foreign conviction may be properly used for enhancement purposes in the state in which it arose, it may likewise be used in Texas. *See Ajak v. State*, No. 07-14-00018-CR, 2014 WL 3002811, at *1 (Tex. App.—Amarillo July 1, 2014, no pet.) (mem. op., not designated for publication) ("Assuming *arguendo* that the judgment must be final, the law of Virginia determines whether or not it is so."); *Moore v. State*, No. 05-10-01306-CR, 2012 WL 858606, at *7 (Tex. App.—Dallas Mar. 15, 2012, pet.

---

[9]The trial court's punishment-phase charge to the jury tracked this language but did not inform the jury about how a felony conviction becomes final.

14

ref'd) (not designated for publication); *Ramos v. State*, 351 S.W.3d 913, 915 (Tex. App.—Amarillo 2011, pet. ref'd) (stating that appellate courts "use the law of the jurisdiction from which the conviction arose to determine its finality for purposes of enhancement in Texas" and therefore allowing California convictions to enhance a Texas sentence because in California, convictions resulting in probation are considered final); *Skillern v. State*, 890 S.W.2d 849, 883 (Tex. App.—Austin 1994, pet. ref'd) (holding similarly with regard to a federal conviction); *cf. DiRemiggio v. State*, 637 S.W.2d 926, 928 (Tex. Crim. App. [Panel Op.] 1982) (holding that a Virginia conviction could not be used for enhancement because "the State made no effort whatever to enlighten the trial court . . . that such a conviction was considered to be 'final' under Virginia law").

Here, the trial court admitted State's Exhibit 17, a copy of the Alabama sentence-enhancement statute. *Cf. Moore*, 2012 WL 858606, at *8 ("In order to determine whether the Oklahoma conviction was final and could have been used for enhancement in Oklahoma, we consider Oklahoma's repeat offender statute."). That statute states that enhancement is available when a "criminal defendant has been previously convicted of a felony"; the plain language of the statute does not require a "final" conviction or exclude convictions that result in probation. *See* Ala. Code § 13A-5-9(a); *see also Watson v. State*, 392 So. 2d 1274, 1278–79 (Ala. Crim. App. 1980) (holding that under section 13A-5-9, a conviction may be used for enhancement even though the defendant receives probation and is never incarcerated), *writ denied sub nom. Ex parte Watson*, 392

15

So. 2d 1280 (Ala. 1981). Thus, appellant's conviction could be used for enhancement in Alabama, and it may be used for enhancement in Texas. *See Moore*, 2012 WL 858606, at *7; *see also Mitchell v. State*, No. 05-06-01706-CR, 2008 WL 713635, at *1 (Tex. App.—Dallas Mar. 18, 2008, no pet.) (mem. op., not designated for publication) (stating that "if an out-of-state conviction may be used for enhancement in the foreign state, it may be used under section 12.42 for enhancement").

For these reasons, we conclude that even if the trial court erred by not including language in the jury charge defining when a conviction is "final" and therefore usable for enhancement under section 12.42 of the penal code, that error was harmless because under the correct standards, appellant's Alabama conviction was usable for enhancement. *See Almanza*, 686 S.W.2d at 171. We overrule appellant's third issue.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2015

16